UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RANDY JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>BEVERLY HASTINGS and GRACE AMISTICO,<br><br>Defendants.[1] | Civ. No. 2:13-6974<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

This is a *pro se* 42 U.S.C. § 1983 action against East Jersey State Prison ("EJSP") administrative and medical officials. Plaintiff alleges Beverly Hastings ("Hastings") and Grace Amistico ("Amistico") acted with deliberate indifference to his serious medical needs, in violation of his Eighth Amendment rights. The matter comes before the Court on Amistico's unopposed motions to seal an exhibit and for summary judgment. Hastings does not join in the motions and since she received service of process in 2014, no steps or proceedings appear to have occurred as to her. There was no oral argument. FED. R. CIV. P. 78(b). For the reasons below, the motions are **GRANTED**. As to Amistico, Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.

**I.    BACKGROUND**

The following facts are drawn from Plaintiff's Complaint and Amistico's Statement of Undisputed Material Facts ("SMF") and supporting exhibits.[2] And in light of reviewing Plaintiff's electronic medical records as to the alleged inadequate care provided, the Court will highlight the encounters with prison medical officials relevant to Plaintiff's condition and need not go into detail on each and every visit. *See* SMF ¶¶ 4–50, ECF No. 47-2.

A state prisoner incarcerated for over 30 years, Plaintiff has a history of hepatitis C dating back to 2004 when he first received treatment. *Id.* ¶ 4. After suffering adverse side effects to his eye, the treatment was discontinued. *Id.* Eight years later during a chronic

---

[1] The Clerk of the Court is directed to amend the caption as above.
[2] As required under this District's Local Civil Rule 56.1(a), Plaintiff filed no opposition papers nor a responsive statement of material facts. Even so, the Third Circuit has "traditionally given *pro se* litigants greater leeway where they have not followed the technical rules of pleading and procedure." *Tabron v. Grace*, 6 F.3d 147, 153 n.2 (3d Cir. 1993) (citations omitted). Despite filing no statement of undisputed material facts, the Court will draw the relevant facts underling the claims from available sources such as the Complaint, deposition testimony, the moving litigant's Local Civil Rule 56.1 statement of undisputed material facts and supporting exhibits." *Athill v. Speziale*, No. 06–4941 (SDW), 2009 WL 1874194, at *2 (D.N.J. June 30, 2009).

1

care visit, Plaintiff asked about the possibility to start a new hepatitis C treatment regimen. *Id.* ¶ 5. About a year later, after receiving approval from optometry and mental health to restart treatment, Amistico became involved in Plaintiff's medical care. *Id.* ¶ 23.

In a March 2013 encounter, Amistico noted in Plaintiff's chart his current medications would contraindicate the hepatitis C treatment regimen, so no treatment was ordered. *Id.* She informed the Medical Site Director of this development. *Id.* In a follow-up appointment the next day, a doctor confirmed Amistico's observation to withhold treatment and suggested Plaintiff discontinue certain medications. *Id.* ¶ 24. Acting on the doctor's recommendation, Amistico scheduled Plaintiff for repeat lab work and a follow-up appointment to discuss treatment options. *Id.* ¶ 25.

In April 2013, Amistico discussed and Plaintiff agreed to stop taking certain medications so Plaintiff could receive the hepatitis C treatment. *Id.* ¶ 28. Amistico again informed the Medical Site Director on Plaintiff's treatment. *Id.* A week later, Amistico met with Plaintiff again and placed him on the hepatitis C treatment waiting list. *Id.* ¶ 29. Four weeks later, Plaintiff filed an inmate grievance report over the delay in treatment because he was told Trenton lacked funds to purchase the medications and a doctor had already approved his treatment plan in February 2012. *See* Raymond-Flood Cert. ¶ 4, Ex. C., Inmate Remedy System Form, ECF No. 47-1. Shortly after filing the grievance, EJSP officials denied it. *Id.*

In September 2013, a doctor reviewed Plaintiff's chart and suggested a reconsultation for advice on the ophthalmologic reaction that ended a previous hepatitis C treatment. SMF ¶ 32. In the months that followed, Plaintiff had multiple optometry exams and consultations. Some delays in between care were attributable to Plaintiff's refusal to attend appointments for non-medical reasons. *Id.* ¶¶ 33–34, 37–38. While others were to monitor retinal holes found in his eye and to discuss previous eye lid swelling. *Id.* ¶¶ 34, 36, 40–42. During this time, Plaintiff expressed interest in retreatment. *Id.* ¶ 44. In a July 2014 consult, the provider found a retinal hole with mild fluid elevation and hepatitis which required a follow-up visit. *Id.* ¶ 45.

In September 2014, Plaintiff received administrative approval for hepatitis C treatment. *Id.* ¶ 47. Plaintiff completed the treatment regimen and lab results showed no traces of hepatitis C. *Id.* ¶¶ 48–49. Although cleared of hepatitis C, Plaintiff receives continued monitoring every six to eight months. *Id.* ¶ 50.

Plaintiff filed this *pro se* Section 1983 Complaint, alleging Amistico denied him adequate medical care and placed him on a long waiting list to receive needed medical treatment. For her alleged incompetence, Plaintiff believes he has liver cancer. *See* Raymond-Flood Cert. ¶ 4, Ex. B, Johnson Dep. 35:9–24. Amistico now moves for summary judgment on the ground that she was not deliberately indifferent to Plaintiff's medical needs and that Plaintiff failed to exhaust his administrative remedies through EJSP's grievance procedures. In support of the summary judgment motion, Amistico submitted relevant excerpts of Plaintiff's electronic medical record, whose contents she seeks to seal and protect from public disclosure because the exhibit contains Plaintiff's

protected health information. *See* Raymond-Flood Mot. to Seal Decl. ¶¶ 5–6, Ex. A, ECF No. 45-1; Amistico's Mot. to Seal Br. 4–5, ECF No. 45-2.

## II. LEGAL STANDARD

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine issue of material facts exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In its review, the Court considers all evidence and inferences drawn therefrom in the light most favorable to the non-moving party. *Andreoli v. Gates*, 482 F.3d 641, 647 (3d Cir. 2007). For unopposed summary judgment motions, the Court must decide whether the moving party's "undisputed facts warrant[ ] judgment as a matter of law." *Miller v. Ashcroft*, 76 F. App'x 457, 462 (3d Cir. 2003) (citations omitted); FED. R. CIV. P. 56(e)(3).

## III. DISCUSSION

The Court will first address the motion to seal Plaintiff's medical records and then discuss the inadequate medical care claim.

### A. Motion to Seal Plaintiff's Medical Records

Local Civil Rule 5.3 governs motions to seal or otherwise restrict public access to documents filed with the Court. To overcome the public's right of access, a moving party must show "[g]ood cause . . . that disclosure will work a clearly defined and serious injury to the party seeking closure." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994) (quotation marks and citation omitted); L. CIV. R. 5.3(c)(3)(a)–(e).

The Court finds good cause to seal the single exhibit containing relevant portions of Plaintiff's medical history, which Amistico included in support of the summary judgment motion. Confidentiality concerns as to Plaintiff's medical history align with Third Circuit case law supporting nondisclosure of a prisoner's medical information filed in litigation. *See Doe v. Delie*, 257 F.3d 309, 315, 317 (3d Cir. 2001) (citation omitted). And no less restrictive alternative exists here since all other portions of the summary judgment motion will be publically available and the Court knows of no party or non-party objecting to the sealing request. Thus, Plaintiff's right to privacy in his medical records outweighs the public right to access documents containing "intimate facts of a personal nature." *United States v. Westinghouse Elec. Corp.*, 638 F.2d 570, 577 (3d Cir. 1980).

### B. Plaintiff's Constitutional Deliberate Indifference Claim

To sustain an Eighth Amendment inadequate medical care claim, an inmate must show how prison officials acted with "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). That means a plaintiff must set forth how the defendant was subjectively aware of an unmet serious medical need and then failed to reasonably respond. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Though "mere disagreement as to the proper medical treatment" and "mere allegations of malpractice do not raise issues of constitutional import." *Monmouth Cty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987) (citations omitted).

Although the Court concludes hepatitis C is a serious medical need requiring treatment, Plaintiff has failed to demonstrate how a reasonable jury could find Amistico acted with deliberate indifference to such needs. To the extent Plaintiff avers Amistico's actions were inadequate in that she placed him on a long waitlist to receive treatment, that allegation fails to rise to "such indifference that can offend 'evolving standards of decency.'" *Estelle*, 429 U.S. at 106 (footnote omitted). Amistico exercised professional judgment when she placed Plaintiff on the waitlist even though he had yet to receive clearance from ophthalmology. It was during this time on the waitlist when Plaintiff met with medical professionals to discuss previous complications with the hepatitis C treatment and underwent exams to monitor retinal holes and fluid build-up in his eye. Further, Plaintiff exacerbated the treatment delay upon his refusal to attend previously scheduled medical appointments for non-medical reasons.

In all, the record is bereft of evidence showing how Amistico refused, delayed, or prevented Plaintiff from receiving adequate medical care. During each sick call or chronic care visit, the record shows Amistico treated Plaintiff. Also, nothing from the record demonstrates how Amistico had an ability to control or prioritize the hepatitis C treatment waitlist. Therefore, because Plaintiff has failed to "point to some evidence beyond h[is] raw claim that [Amistico] was deliberately indifferent," Amistico is entitled to judgment as a matter of law. *Singletary v. Penn. Dep't of Corr.*, 266 F.3d 186, 192 n.2 (3d Cir. 2001) (citing *Celotex v. Catrett Corp.*, 477 U.S. 317, 325 (1986)). Because the Court finds no violation of Plaintiff's Eighth Amendment right to adequate medical care, it need not consider Amistico's remaining administrative exhaustion argument.

## IV. CONCLUSION

Accordingly, Amistico's motions to seal and for summary judgment are **GRANTED**. As to Amistico, Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**. An appropriate order follows.

*/s/ William J. Martini*
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: January 30, 2018**