**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **RANDY JOHNSON,**<br><br>   Plaintiff,<br><br> v.<br><br>**BEVERLY HASTINGS and GRACE AMISTICO,**<br><br>   Defendants. | Civ. No. 2:13-6974<br><br>**ORDER** |

  **THIS MATTER** comes before the Court on Plaintiff Randy Johnson's request to reopen, ECF No. 66, over four months after the Court dismissed the action against the remaining defendant, Beverly Hastings ("Hastings"), for lack of prosecution under Local Civil Rule 41.1(a), ECF Nos. 63, 64.

  Local Civil Rule 41.1(a) authorizes this Court to dismiss a case for failure to prosecute, providing, in pertinent part:

> Civil cases . . . which have been pending in the Court for more than 90 days without any proceedings having been taken therein must be dismissed for lack of prosecution by the Court (1) on its own motion, or (2) on notice from the Clerk to all parties who have appeared, unless good cause is shown with the filing of an affidavit or other document complying with 28 U.S.C. § 1746 from . . . the unrepresented party.

Dismissal is an available sanction that should only be used in limited circumstances. *Spain v. Gallegos*, 26 F.3d 439, 454 (3d Cir. 1994) (citing *Marshall v. Sielaff*, 492 F.2d 917, 918 (3d Cir. 1974)). Yet, "[t]he power to dismiss for failure to prosecute . . . rests in the discretion of the trial court and is part of its inherent authority to prevent undue delays in the disposition of pending cases and to avoid congestion in its docket." *Hewlett v. Davis*, 844 F.2d 109, 113 (3d Cir. 1988) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962)). A court considers six factors when deciding to dismiss a case before trial on the merits: (1) the extent of the party's personal responsibility; (2) the prejudice to the opponent; (3) any history of dilatoriness; (4) whether the party's conduct was willful or in bad faith; (5) whether effective alternative sanctions are available; and (6) the meritoriousness of the claim or defense. *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). A court must conduct a *Poulis* analysis when dismissing a case for failure to prosecute. *Knoll v. City of Allentown*, 707 F.3d 406, 409 (3d Cir. 2013) (citing *Dunbar v. Triangle Lumber & Supply Co.*, 816 F.2d 126, 128–29 (3d Cir. 1987)).

Plaintiff asserts the Court improperly closed the balance of his case because he never received the dismissal order, despite being aware of the pending notice of call for dismissal. ECF No. 65 at 1. He explains a prison transfer as the reason for his delayed response. ECF No. 66 at 1–2. Even so, that event does not relieve Plaintiff of his obligation to inform the Court within seven days of a change of address. *See* Local Civil Rule 10.1(a) ("[U]nrepresented parties must advise the Court of any change in . . . address within seven days of being apprised of such change by filing a notice of said change with the Clerk. Failure to file a notice of address change may result in the imposition of sanctions by the Court.").

Precedent further shows a transfer to another prison cannot excuse a party's failure to provide a court with an updated change of address and thus warrant reopening a case. *See Williams v. Cambridge Integrated Servs. Grp.*, 235 F. App'x 870, 872–73 (3d Cir. 2007) (per curiam) (finding no abuse of discretion in dismissing a case with prejudice for failure to prosecute and denying a motion to reopen judgment when the *pro se* plaintiff failed to update his current address and appear at court hearings, coupled with waiting at least five months to ask about the status of his case); *John v. Hogan*, Civil No. 1:CV-06-2197, 2008 WL 520093, at *3 (M.D. Pa. Feb. 26, 2008) (citing cases finding a transfer to another prison that interfered with receiving legal mail takes nothing away from the plaintiff's obligation to keep the court informed of an address change and to prosecute the action in a timely manner).

The Court had a basis here to enter its dismissal order because Plaintiff failed to prosecute this action for more than 90 days and had notice of the pending dismissal when he provided the Court a change of address. *See* ECF No. 65 at 1 (asking about ruling on the notice of call for dismissal, which was returnable on October 1, 2018). This is also the second time the Court has expended judicial resources to encourage Plaintiff to move this case to trial against Hastings. *See* ECF No. 57 (First Notice of Call for Dismissal). Thus, the Court finds Plaintiff (1) is personally responsible for the protracted delay, (2) has been dilatory in moving the case along to trial, and (3) has demonstrated willful conduct. Accordingly, the first, third, and fourth *Poulis* factors weigh against Plaintiff.

Apart from serving Hastings the summons and complaint in May 2014, ECF No. 5, and receiving the Clerk's Entry of Default in April 2018, ECF Nos. 59, 60A, the Court cannot conclude if Plaintiff's delay to prosecute has prejudiced Hastings. Thus, the second *Poulis* factor favors Plaintiff. Next, the Court finds a sanction other than dismissal against Plaintiff, who is proceeding *pro se* and has been granted *in forma pauperis* status, would cause more delay and be in vain. Thus, the fifth *Poulis* factor weighs against Plaintiff. Lastly, the Court takes no position as to the merits of Plaintiff's claim against Hastings. Thus, the sixth *Poulis* factor is neutral.

Upon balancing the *Poulis* factors, and it appearing the complaint should be dismissed for failure to prosecute under Local Civil Rule 41.1(a), and the Court being authorized to impose dismissal as a penalty when enforcing the Local Civil Rules, *see Knoll*, 707 F.3d at 411; *Hewlett*, 844 F.2d at 114 (citations omitted);

**IT IS** on this 22nd day of January 2019, hereby,

**ORDERED** that Plaintiff's request to reopen (ECF No. 66) is **DENIED**.

                                          */s/ William J. Martini*
                                **WILLIAM J. MARTINI, U.S.D.J.**